Gladstein, Reif & Meginniss LLP
Katherine H. Hansen
William S. Massey
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
khansen@grmny.com
wmassey@grmny.com
Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------------------------X
**1199SEIU UNITED HEALTHCARE**
**WORKERS EAST,**

                Petitioner,                ECF CASE

      -versus-                            No.

**WINDSOR GARDEN CARE CENTER,**

                Respondent.
-----------------------------------------------------------X

### PETITION TO ENFORCE ARBITRATION AWARD

1.     Petitioner, 1199SEIU UNITED HEALTHCARE WORKERS EAST ("1199SEIU" or "the Union"), brings this action to confirm and enforce an arbitration award issued on April 13, 2021, which prohibits Respondent WINDSOR GARDENS CARE CENTER ("Windsor Gardens" or "the Employer"), from selling the facility unless the sale agreement requires the buyer to assume the collective bargaining agreement and retain all bargaining unit employees.

2.     The Union's cause of action for confirmation and enforcement of the arbitration award arises under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. This Court has jurisdiction over the Union's claim pursuant to 29 U.S.C. § 185 and 9 U.S.C. § 9.

1

3. Venue is proper in this district pursuant to 29 U.S.C. § 185.

## PARTIES

4. Petitioner 1199SEIU is a labor organization within the meaning of 29 U.S.C. § 152(5). The Union represents employees employed in the health care industry in the States of New York, New Jersey, Massachusetts, Maryland and Florida. 1199SEIU is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 185(a). The Union maintains its principal office at 498 Seventh Avenue, New York, New York. The Union also maintains an office at 555 Route One South, Iselin, New Jersey. 1199SEIU's officers and other agents are engaged in representing employee members of the Union throughout the State of New Jersey.

5. Respondent WINDSOR GARDENS CARE CENTER is a long term care facility located at 140 Park Avenue in East Orange, New Jersey.

## FACTS

6. 1199SEIU is the sole and exclusive collective bargaining representative of the Employer's employees at its East Orange, New Jersey facility, excluding registered nurses, office and clerical employees, supervisors, watchmen and guards.

7. The Union and the Employer have been parties to a collective bargaining agreement for many years. The parties' most recent full collective bargaining agreement, governing the wages, hours and working conditions of the bargaining unit employees, ran from January 31, 2010 through June 30, 2014 ("CBA").

8. By Memorandum of Agreement dated July 22, 2014 ("2014 MOA"), the parties renewed their labor agreement through July 31, 2017, maintaining in full force and effect all terms of the CBA, except as modified in the 2014 MOA.

9. By Memorandum of Agreement dated May 8, 2018 ("2018 MOA"), the parties renewed their labor agreement through May 7, 2021,[1] maintaining in full force and effect all terms of the CBA and the 2014 MOA, except as modified in the 2018 MOA.

10. The CBA and MOAs are contracts between an employer and a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 185(a).

11. Article 9 of the CBA provides that "[a]ll complaints, disputes or grievances whatsoever or whatever kind of nature arising between the Union and the Employer concerning any provisions of the contract…shall be submitted for arbitration" according to the procedure set forth in the CBA.

12. Article 9 further provides that the decision of the arbitrator "shall be final and binding upon the parties" and empowers the arbitrator to "determine his jurisdiction, all questions of arbitrability and to grant all appropriate remedies and to include in his award mandatory injunctive relief and to determine the appropriate measure of damages."

13. Article 9 further provides that if "either party fails or refuses or neglects to appear, then the Arbitrator shall hear the evidence of the party appearing and render his decision as if both parties appeared."

14. The 2014 MOA modified Article 9 of the CBA only to the extent that it named Ruth Moscovitch and Howard Edelman as contract arbitrators. The 2017 MOA did not modify Article 9 of the CBA.

15. Article 31 of the CBA, which was not modified by either of the subsequent MOAs, provides that if the Employer shall "sell, transfer or otherwise dispose of its business…

---

[1] All dates are in 2021 unless otherwise indicated.

3

the agreement by which such sale, transfer, assignment, subletting, disposition, merger, or consolidation is made must provide that the person, firm or corporation thereafter to operate the business shall assume all of the terms and conditions of this Agreement; and further, that it shall retain in its employ all employees then employed in the business…"

16. On March 12, Windsor Gardens notified the Union that the facility would be sold to a new owner.

17. On March 14, the Union wrote to the Employer and reminded it of its obligations under Article 31 of the CBA to condition any sale on the buyer's agreement to assume the CBA and retain all bargaining unit employees. The Union also asked Windsor Gardens to produce information in connection with the sale including a copy of the sale agreement and the anticipated closing date. Article 31 requires the Employer to produce this information to the Union. The Union asked that the information be produced by March 19.

18. The Employer failed to provide the Union with the requested information.

19. On March 22, the Union emailed the Employer again and asked that the requested information be produced without further delay.

20. The Employer failed to provide the Union with the requested information.

21. On March 23, the prospective buyer of Windsor Gardens, Complete Care at Orange Park, LLP ("Complete Care" or "Buyer"), notified the Union that the Buyer would not be assuming the parties' collective bargaining agreement. The Buyer also did not commit to retaining all bargaining unit employees.

22. On March 24, the Union notified Windsor Gardens that the Union would be filing an arbitration demand over the Employer's failure to condition the sale on the Buyer's assumption of the CBA and retention of all bargaining unit employees, as required by the CBA.

23. On March 24, the Union filed an arbitration demand with Arbitrator Howard Edelman ("the Arbitrator") and requested an expedited hearing to ensure that the dispute be resolved before the sale closed.

24. On March 26, the Arbitrator offered March 31 at 5:00 p.m. for an expedited hearing in this matter. On the same day, the Union accepted the offered hearing date.

25. The Employer did not respond to the Arbitrator's March 26 email.

26. On or about March 28, the Union spoke to the Buyer who confirmed that the Buyer would not be assuming the collective bargaining agreement and stated that Windsor Gardens hoped to close on the sale on or around April 15.

27. On March 28, the Union wrote to the Employer again and asked for production of the requested information (including the anticipated closing date), and a response to the Arbitrator's email offering March 31 for a hearing.

28. The same day, counsel for the Employer, Mr. Daitz, stated that he planned to be out of the office for two weeks. Mr. Daitz did not identify an Employer representative to contact in his absence. The Union replied later the same day and asked Mr. Daitz who was representing the Employer in connection with the planned sale during his absence.

29. On March 29, Mr. Daitz informed the Arbitrator that he planned to be out of the office for the next two weeks. Mr. Daitz did not provide the name of an Employer representative to contact in his absence.

30. The same day, the Union wrote to the Arbitrator and the Employer explaining that, if not Mr. Daitz, surely another attorney was working on this matter over the next two weeks on behalf of the Employer. The Union again asked the Arbitrator to order the Employer to appear for a hearing, or at least a conference call, the following day.

5

31. On March 29, 2021, Mr. Daitz stated that he was out of the office and not working due to Passover.

32. On March 30, the Union again wrote Mr. Daitz and again asked who was representing Windsor Gardens in connection with the planned sale in his absence.

33. The Employer did not respond to this email.

34. On March 30, the Arbitrator stated that he was available for a conference call on April 5 at 9:30 a.m. or 5:00 p.m.

35. The Union responded the same day and stated it would make itself available at either time on April 5.

36. On April 2, the Arbitrator again wrote to the parties to ask if they were available for a conference call on April 5 at 9:30am or 5:00pm.

37. The Employer did not respond to the Arbitrator's March 30 or April 2 emails and no hearing or conference call was held on April 5.

38. On April 5, the Union called the Buyer to request updated information regarding the timing of the planned sale. The Buyer did not respond to the Union's call.

39. No hearing or conference call was held on April 5.

40. On April 6, the Union again wrote to the Arbitrator and the Employer to request an expedited hearing in this matter. The Union explained that an expedited hearing was necessary to prevent the Employer from running out the clock and completing the sale in violation of the CBA.

41. The Employer did not respond to this email.

42. On April 8, the Arbitrator wrote to the parties and offered April 8 at 4:30pm, April 9 at 1:00pm, or April 12 at 4:30pm for a hearing in this matter. The Arbitrator further

6

explained that if the parties did not agree to one of these dates, he would direct the hearing to be held on April 13 at 4:30 p.m.

43. The same day, the Union wrote back and said it would make itself available for a hearing at any of the offered times.

44. The Employer did not respond to the Arbitrator's April 8 email.

45. On April 12, consistent with his prior emails, the Arbitrator notified the parties that the hearing would be held on April 13 at 4:30pm via Zoom.

46. As ordered, the Arbitrator held an arbitration hearing in this matter on April 13 at 4:30pm via Zoom.

47. At the hearing, the Union requested that the Arbitrator issue a ruling the same day given that the sale of Windsor Gardens was expected to close imminently.

48. On April 13, the Arbitrator issued an award ("the Award") preventing Windsor Gardens from entering into a sale of the facility unless the sale agreement required the buyer to assume the terms and conditions of the collective bargaining agreement and retain all bargaining unit employees.

49. The April 13 Award must be confirmed without delay to prevent respondent from completing the sale in violation of the award.

## FIRST CAUSE OF ACTION

50. Petitioner realleges and reaffirms herein paragraphs 1-48 *supra*.

51. In failing and refusing to comply with the Award, the Employer continues to violate the CBA and MOAs in violation of 29 U.S.C. § 185(a).

52. In failing and refusing to comply with the terms of the Award, the Employer has deprived the Union and bargaining unit employees of rights guaranteed by the Award, the CBA, and MOAs, and 29 U.S.C. § 185(a).

## RELIEF

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief:

A. An Order confirming and enforcing the April 13, 2021 Arbitration Award in its entirety;

B. Prejudgment interest;

C. Reasonable attorneys' fees;

D. Costs and other expenses; and

E. Such other and further relief as the Court deems just and proper.

Dated: April 13, 2021

GLADSTEIN, REIF & MEGINNISS, LLP

By: /s/ Katherine H. Hansen
     Katherine H. Hansen

Katherine H. Hansen
William S. Massey
39 Broadway, Suite 2430
New York, New York 10006
khansen@grmny.com
wmassey@grmny.com
(212) 228-7727

Attorneys for Petitioner 1199SEIU United Healthcare Workers East